LEWIS ZORZY

*vs.*

EDWARD J. WHITNEY, SR.

Penobscot.    Opinion, October 14, 1953.

*Pilot, Pilot & Collins,* for plaintiff.

R. A. *Weatherbee,*
*Rudman & Rudman,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J., did not sit.

THAXTER, J.    This was an action of assumpsit brought in the sum of $10,000 for the failure to deliver certain potatoes. It is alleged that the plaintiff and the defendant entered into a written contract on April 7, 1951 whereby the defendant agreed to sell to the plaintiff approximately 3,500 barrels of potatoes which the plaintiff agreed to buy for the sum of $2.00 per barrel. This contract was in the following form:

"April 7 1951

M   Edward  Whitney  Sr.

Chester,  Maine

To  White  Mountain  Distributg  Co.          Dr.

16  Colter  St.,  Peabody,  Mass.

Tel.  Peabody  2793

Terms

I  agree  to  sell  aproximatly  3500  Barrells  of
Potatoes  at  ($2.00)  two  dollars  per  barrell  graded
and  loaded,  the  bags  to  be  furnished  by  the  pur-
chaser  (White  Mtn  Dist  Co)

Signed

E.W.Sr.  Edward  J.  Whitney,Sr.

W.M.D.C.  L3  Lewis  Zorzy"

It will be observed that though the contract involved the
sale and purchase of a large amount of potatoes nothing was
said about the time and manner of payment or the time
when deliveries would be made. The plaintiff viewed the
potatoes in bins of the defendant and apparently satisfied
himself that the defendant had enough potatoes on hand to
carry out the terms of the contract. The defendant delivered
four loads and took for them a note which was apparently
the subject of litigation in Massachusetts. Without more
ado the plaintiff brought this action against the defendant
claiming that the defendant refused to complete the contract
and seeking damages for the breach.

The case was heard by a jury which brought in a verdict
for the defendant and is now before us on the plaintiff's gen-
eral motion for a new trial.

The only evidence that the defendant was unable or un-
willing to carry out his contract in full is the testimony of

the defendant wherein he stated to Zorzy that he sold 381 barrels to a man named Underhill but there is no evidence how many potatoes the defendant had left after such sale and certainly none that he had depleted his stock of potatoes on hand so that he could not carry out his contract. The plaintiff was apparently clutching at a straw.

Whether or not the defendant committed a breach of his contract with the plaintiff was a question for the jury in whose findings we concur. No exceptions were taken to the charge of the presiding justice. In fact the charge is not even printed. We must assume that the jury were properly instructed.

There is no error apparent in the record.

*Motion overruled.*